IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GREGORY MONTGOMERY | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv44 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gregory Montgomery, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition for writ of habeas corpus should be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court concludes petitioner's objections should be overruled. Petitioner's punishment for the contested disciplinary case was a reduction in his custodial classification status. Accordingly, the punishment imposed did not affect the fact or duration of confinement. Thus, the claims do not present grounds for federal habeas corpus review. Additionally, petitioner's claims of violations under the Disabilities Act, discrimination and harassment, falsification of records, and Eighth Amendment violations do not affect the fact or duration of confinement. Thus, the claims are not properly brought in a habeas corpus petition, and

the claims must be brought in a civil rights action.[1] Accordingly, petitioner's petition for writ of habeas corpus should be dismissed. The dismissal, however, should be without prejudice to petitioner's ability to pursue such claims by filing a separate civil rights action.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

---

[1] The writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A civil rights action, on the other hand, is an appropriate legal vehicle to attack unconstitutional procedures or conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987). A petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper vehicle to challenge unconstitutional conditions of confinement and prison procedures. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).
    Here, petitioner's remaining claims do not contest the fact or duration of his confinement. Instead, such claims challenge the conditions of petitioner's confinement. Accordingly, petitioner's claims do not serve as a basis for habeas corpus relief, but rather can form the basis for a civil rights action. *See Spencer v. Bragg*, 310 F. App'x 678, 2009 WL 405864, at *1 (5th Cir. 2009); *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979). Thus, petitioner must pursue his remaining claims by filing an appropriate civil rights action.
    In this case, it would not further the interests of justice to construe petitioner's petition as a civil rights action. Allowing petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to petitions for writ of habeas corpus instead of the $400.00 filing fee applicable to civil actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. Accordingly, the petition should be dismissed without prejudice to petitioner's ability to pursue such claims by filing a separate civil rights action.

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability shall not be issued.

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 19th day of August, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE